FILED
2016 JUN 17 PM 3:49
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____7h_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALED MOHAMED,<br><br>    Petitioner,<br>v.<br>HEIDI M. LOCKNER, Warden,<br><br>    Respondent. | Case No.: 15cv267-GPC(KSC)<br><br>**ORDER DENYING MOTION FOR IN FORMA PAUPERIS STATUS AND MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 19] |

Before the Court is a Motion Requesting Both *In Forma Pauperis* Status and Appointment of Counsel. [Doc. No. 19.] This Motion was submitted by petitioner's *pro bono* counsel. For the reasons outlined below, the Court finds that both motions must be DENIED without prejudice.

### *Request for In Forma Pauperis Status*

Petitioner seeks *in forma pauperis* status because he claims he is indigent and his present attorney has been representing him on a *pro bono* basis. [Doc. No. 19, at p. 3.] In support of the request for *in forma pauperis* status, petitioner submitted a Financial Affidavit indicating he is currently in custody at Folsom Ranch and has no income or assets. [Doc. No. 19-1, at p. 1.]

///

A request to proceed *in forma pauperis* made by a state prisoner must include an affidavit and a ***signed*** prison certificate from the warden or other appropriate officer showing the amount of money or securities petitioner has on account in the institution where he is housed. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Petitioner did not submit a signed prison certificate with his request. His request to proceed *in forma pauperis* must therefore be DENIED without prejudice.

### *Request for Appointment of Counsel*

In his Motion and an attached letter, petitioner seeks to have his current attorney appointed as paid counsel in this case pursuant to Title 18, United States Code, Section 3006A. Petitioner's moving papers indicate that his current attorney has been representing him on a *pro bono* basis because he no longer has any money to pay for legal services. Petitioner argues that counsel should be appointed in this case, because the issues raised in his Petition are "novel," "complex," and "far from common," and he does not have access to a law library in the facility where he is housed. [Doc. No. 19-2, at p. 2.]

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991). "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986). In the interests of due process, the Court notes that "[t]he procedures employed by the federal courts are highly protective of a *pro se* petitioner's rights." *Knaubert v. Goldsmith*, 791 F.2d 722, 729 (9th Cir. 1986). For example, the Court construes *pro se* submissions liberally and "must scrutinize the state court record independently to determine whether the state court procedures and findings were sufficient." *Id.*

Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts also states in part as follows: "If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed

under 18 U.S.C. § 3006A." If an evidentiary hearing is not necessary, a District Court has discretion to appoint counsel for a qualified habeas petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

"To determine whether appointment of counsel is required for habeas petitioners with non-frivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).

Based on a review of the Petition and other filings in the case, the Court finds that appointment of counsel is not warranted at this time. First, as set forth more fully in the Report and Recommendation filed on June 6, 2016, it is this Court's view that an evidentiary hearing is unnecessary in this case because the issues presented in the Petition can be decided on the state court record alone. [Doc. No. 20, at pp. 37-38] Second, there is nothing to indicate appointed counsel is needed to prevent due process violations or that the "interests of justice" require the appointment of counsel. Although petitioner asserts that he has raised matters in his Petition that are "novel," "complex," and "far from common," the Court notes based on a review of the record that petitioner's claims are not any more complex than those submitted to the Court by other habeas petitioners on a regular basis. In addition, the issues raised in the Petition have already been briefed thoroughly and extensively by counsel in several state court proceedings and again in this action. In light of this extensive case history and the generous standard for considering *pro se* petitions, the Court has no reason to conclude that appointment of counsel is necessary to protect against a due process violation or to serve the interests of justice. Therefore, petitioner's request for appointment of counsel must be DENIED without prejudice.

The Court will reconsider petitioner's request for the appointment of counsel if it is determined at a later date that an evidentiary hearing is warranted, or if other

circumstances change significantly and indicate that appointment of counsel is necessary to avoid a violation of due process.

### *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED THAT:

(1) Petitioner's request to proceed *in forma pauperis* is DENIED without prejudice. To have his request re-considered, petitioner may submit another motion to proceed *in forma pauperis* along with a *signed* prison certificate from the warden or other appropriate officer showing the amount of money or securities petitioner has on account in the institution where he is housed. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2.

(2) Petitioner's request for appointment of counsel is DENIED without prejudice. This Order does not preclude petitioner's current counsel from continuing to represent petitioner on a *pro bono* basis.

IT IS SO ORDERED.

Dated: June 17, 2016

Hon. Karen S. Crawford
United States Magistrate Judge