# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALED MOHAMED, <br><br> Petitioner, <br><br> v. <br><br> HEIDI M. LACKNER, Warden, <br><br> Respondent. | CASE NO. 15cv267-GPC(KSC) <br><br> **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT** |

On August 18, 2017, Petitioner's counsel informed the Court that Petitioner had passed away. (Dkt. No. 41.) The Court set an order to show cause why the petition should not be dismissed as moot based on the recent death of Petitioner. (Dkt. No. 41.) Petitioner's counsel filed a response on September 12, 2017. (Dkt. No. 44.) On September 30, 2017, counsel for Petitioner filed another status report and an additional response to order to show cause. (Dkt. No. 51.) Respondent filed a response on October 6, 2017. (Dkt. No. 49.) Petitioner's counsel did not file a reply.

**Background**

On February 29, 2015, Petitioner Khaled Mohamed ("Petitioner" or "Mohamed"), proceeding with counsel, filed a petition for writ of habeas corpus challenging his state court conviction. (Dkt. No. 1.) An answer and traverse were filed. (Dkt. No. 11, 16.) The Magistrate Judge issued a report and recommendation that the petition be denied and dismissed. (Dkt. No. 20.) Petitioner filed an objection

to the report and recommendation. (Dkt. No. 25.) On July 21, 2017, the Court granted Petitioner's motion to expand the record. (Dkt. No. 30.) While waiting for the records to be submitted by Respondent, Petitioner's counsel informed the Court that Mohamed recently passed away in Mexico. (Dkt. No. 41.)

Petitioner's counsel declared that Petitioner's sister was making preparations to view the body in Tijuana to confirm the identity, if possible, of the decedent. (Dkt. No. 43.) One family member flew from Egypt and identified the body as her brother Mohamed and because it had not been cared for properly and was not in a condition to be brought back to Egypt, a burial took place in Tijuana. (Dkt. No. 44.) Petitioner's counsel indicates he wishes to continue to represent Mohamed in the case and Mohamed's mother wants her son's name cleared. (Id.)

On September 30, 2017, in another status report and additional response to order to show cause, Petitioner's counsel reports that "it is only speculation that Khaled Mohamed is actually deceased." (Dkt. No. 46, Khoury Decl. ¶ 6.) Counsel asks that the Court not dismiss the case in the event that Mohamed is not deceased. (Id. ¶ 8.)

In response, Respondent indicated that the District Attorney's office conducted an investigation into Mohamed's death, and a death certificate was discovered. (Dkt. No. 49, Borzachillo Decl. ¶ 6; id. at 7, 9[1].) The death certificate names Khaled Ezz Eldin Abdelhalim Mohamed as the decedent with the date of death on July 28, 2017. (Id. at 9.)

**Discussion**

Federal courts have habeas corpus jurisdiction over someone who is "in custody pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2254(a); see Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010). The "in custody" requirement has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is "under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989).

---

[1]Page numbers are based on the CM/ECF pagination.

The death of a petitioner renders the case moot and "the petition for writ of habeas corpus should be dismissed as moot." Garceau v. Woodford, 399 F.3d 1101, 1101 (9th Cir. 2005); Mc Mann v. Ross, 396 U.S. 118, 118 (1969) (remanding the case to the district court with direction to dismiss the petition for writ of habeas corpus as moot due to the death of the respondent/petitioner); Griffey v. Lindsey, 349 F.3d 1157, 1157 (9th Cir. 2003) (vacating its opinion and remanding to the district court to dismiss the petition as moot after being notified of the death of the petitioner). Petitioner's counsel concedes that the habeas petition should be dismissed as moot as Petitioner's counsel informed Mohamed's family that his "research revealed that the Court cannot grant relief to a deceased person in a habeas corpus proceeding." (Dkt. No. 44, Khoury Decl. ¶ 6.)

Petitioner's counsel initially represented that Mohamed had passed away but retracted his statement by claiming the death of Mohamed is only based on speculation. However, given acceptance of the body of the decedent as that of Mohamed, and the time, effort and money to bury the body, it is not "only speculation" to believe Petitioner is deceased. Moreover, the death certificate confirms his death, and Petitioner has not filed a reply to Respondent's arguments and submission of the death certificate.

Due to Petitioner's death, the Court lacks jurisdiction over this case, and the Court DISMISSES the petition for writ of habeas corpus. The Clerk of Court shall be directed to close the case.

IT IS SO ORDERED.

DATED: October 31, 2017

HON. GONZALO P. CURIEL
United States District Judge